Carl GLOVER, Appellant,

v.

BRAZORIA COUNTY CHILDREN'S PROTECTIVE SERVICES UNIT, TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES, Appellee.

No. 01–95–00584–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 22, 1995.

---

Kim Richardson, Freeport, for appellant.

Christina L. Kaiser, Angleton, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

The issue in this case is whether the trial court properly rendered a final summary judgment in a suit affecting the parent-child relationship. We hold that the trial court erred in rendering the final summary judgment, and we will reverse and remand.

Appellee Brazoria County Children's Protective Services Unit, Texas Department of Protective and Regulatory Services ("CPS") filed suit to terminate the parental rights of appellant Carl Glover and Teresa Glover to their children, Carrisa Glover and Kenneth Glover. Teresa relinquished her parental rights, and the trial court severed the suits against Carl and Teresa.

The trial court referred Carl and CPS to mediation, and Carl and CPS signed a settlement agreement. Under the terms of the settlement, Carl agreed to (1) remain free of alcohol, (2) submit to in-patient counseling treatment, (3) obtain and maintain a residence, (4) seek employment, and (5) pay child support. In addition, Carl stipulated that he previously engaged in conduct that endangered the physical and emotional well-being of the children and placed the children in conditions and surroundings that endangered their physical and emotional well-being. Finally, Carl agreed that if he did not comply with the five requirements listed above, then he "acknowledges that he does not need to have his children returned to him." The trial court later approved the settlement agreement.

Carl failed to comply fully with requirements one and three, and CPS filed a motion for summary judgment. Carl filed a response accompanied by a supporting affidavit. In the affidavit, Carl said termination of his parental rights would not be in the best interest of his children, he loves his children, he provides for their physical and emotional well-being when the children are with him, the children are bonded to him, and the children are the most important thing in the world to him.

After a hearing, the trial court terminated Carl's parental rights by rendering a final summary judgment. Carl appeals in six points of error claiming that the trial court erred in rendering summary judgment because: (1) there is a disputed fact issue; (2) the settlement agreement is unenforceable due to an uncertainty in its terms; (3) Carl repudiated the settlement agreement before the summary judgment was rendered; (4) Carl has been deprived of his right to trial by jury; (5) there are no pleadings alleging a breach of the settlement agreement to support the summary judgment; and (6) rendering summary judgment in this case would contravene public policy.

In order to terminate involuntarily Carl's parental rights, the court had to find that the termination was in the best interest

of the children.[1] CPS had the burden of showing on summary judgment that no genuine issue of material fact existed and that CPS was entitled to judgment as a matter of law whether involuntary termination was in the children's best interest. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In point of error one, Carl claims there was a disputed issue of fact concerning the children's best interest. We agree.

 CPS claims it proved the best-interest element as a matter of law by virtue of the settlement agreement in which Carl agreed that if he did not comply with the five requirements listed in the agreement, then he "acknowledges that he does not need to have his children returned to him." CPS asserts that the text of the settlement agreement is the equivalent of a stipulation that it is in the best interest of the children for Carl's parental rights to be terminated if he failed to comply with the agreement.[2]

We do not agree that Carol has stipulated in the settlement agreement that a termination of his parental rights would be in the best interest of the children. Carl is correct when he states that it is irrelevant whether he needs or deserves to have the children physically returned to him. In light of the severe nature of involuntary termination of parental rights and the constitutional ramifications of such action, we are unwilling to construe the language of the settlement agreement broadly to reach such a result.

We, of course, pass no judgment on whether Carl should ultimately retain custody of his children, but we cannot allow a summary termination on the basis of the language contained in this settlement agreement.[3] We sustain Carl's first point of error, and we do not reach his remaining points of error due to our disposition of point of error one.

We reverse the trial court's judgment and remand the cause to that court for further proceedings.

---

1. Act of May 24, 1989, 71st Leg., R.S., ch. 808, sec. 1, § 15.02(2), 1989 Tex.Gen.Laws 3673, 3674 (Tex.Fam.Code Ann. § 15.02(2), since repealed and reenacted to be codified at Tex.Fam. Code Ann. § 161.001(2)).

2. CPS agreed at oral argument that the text of the settlement agreement is not the equivalent of a prospective affidavit of relinquishment of parental rights because the text does not comply with the statutory requirements for an affidavit of relinquishment. *See* Act of June 2, 1975, 64th Leg., R.S., ch. 476, § 33, 1975 Tex.Gen.Laws 1253, 1267, *amended by* Act of May 27, 1981, 67th Leg., R.S., ch. 551, § 6, 1981 Tex.Gen.Laws 2269, 2270, *amended by* Act of May 16, 1985, 69th Leg., R.S., ch. 264, § 45, 1985 Tex.Gen. Laws 1236, 1241, *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 375, § 23, 1989 Tex. Gen.Laws 1477, 1483 (Tex.Fam.Code Ann. § 15.03, since repealed and reenacted to be codified at Tex.Fam.Code Ann. § 161.103).

3. We are aware of the State's public policy of encouraging alternate dispute resolution procedures in suits affecting the parent-child relationship. Tex.Civ.Prac. & Rem.Code Ann. § 154.002 (Vernon Supp.1995); Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 27, 1995 Tex.Sess.Law Serv. 3888, 3899 (Vernon) (to be codified at Tex.Fam.Code Ann. § 153.0071). Our holding in this case is not an attempt to frustrate that policy; however, we note that we expressly do not reach the question of whether a parent's prospective agreement that it would be in the best interest of the child to terminate the parent's parental rights on the occurrence of some future event would establish as a matter of law the best-interest element of involuntary termination.